GONDRAND TRANSPORT CORP. *v.* UNITED STATES

No. 7476.—Invoices dated London, England, February 22, 1945, etc.
Certified February 1945, etc.
Entered at New York, N. Y., April 27, 1945, etc.
Entry Nos. 729708; 735157; 707553.

(Decided December 12, 1947)

*Brooks & Brooks* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

TILSON, Judge: The three appeals listed above have been submitted for decision upon a stipulation to the effect that the issues in these appeals are the same as the issues involved in *United States* v. *Pitcairn,* C. A. D. 334, and the record therein has been admitted in evidence in this case.

Counsel have further agreed that the values found by the appraiser, less the additions made by the importer on entry because of advances by the appraiser in similar cases is equal to the price at which such or similar merchandise was freely offered for sale to all purchasers in the usual wholesale quantities, in the ordinary course of trade and in the principal markets of the country from which exported for exportation to the United States, and that the foreign value of such or similar merchandise was not higher.

Accepting this stipulation as a statement of fact, and following the cited authority, I find and hold the proper dutiable export values of the merchandise covered by said appeals to be the values found by the appraiser, less any additions made by the importer on entry to meet advances in similar cases then pending on appeal. Judgment will be rendered accordingly.

DANIEL F. YOUNG, INC. *v.* UNITED STATES

No. 7477.—Invoices dated London, England, July 22, 1941, etc.
Certified August 6, 1941, etc.
Entered at New York, N. Y., October 10, 1941, etc.
Entry Nos. 6561; 6713; 4897.

(Decided December 12, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

CLINE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the unit invoice prices plus 15 per centum, packing included.

Judgment will be rendered accordingly.